UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN MILLER,                          Case No. 1:24-cv-608
          Plaintiff,
                                      Hopkins, J.
     vs.                              Litkovitz, M.J.

GEORGE HUDSON, et al.,                **REPORT AND**
          Defendants.                 **RECOMMENDATION**


On November 1, 2024, the undersigned magistrate judge issued a Report and

Recommendation that plaintiff's complaint against defendant George Hudson be dismissed

because it failed to state a claim upon which relief may be granted.   (Doc. 4).   Plaintiff did not

file objections to the Report and Recommendation but instead filed an amended complaint

naming George Hudson as a defendant once again and adding the Ohio Civil Rights Commission

and District 1 Police Department as defendants.   (Doc. 5).   This matter is now before the Court

for a s*ua sponte* review of the amended complaint to determine whether the amended complaint

or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim

upon which relief may be granted or seeks monetary relief from a defendant who is immune

from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's amended complaint essentially reiterates the allegations against defendant

Hudson that were set forth in the original complaint.   For the reasons previously stated in the

November 1, 2024 Report and Recommendation (Doc. 4), plaintiff's amended complaint fails to

state a claim for relief against defendant Hudson and should be dismissed.

In addition, aside from listing the Ohio Civil Rights Commission and District 1 Police

Department as defendants in the caption of the amended complaint, plaintiff's fails to allege any

wrongdoing on the part of these defendants.   To avoid dismissal, the amended complaint must

give defendants Ohio Civil Rights Commission and District 1 Police Department "fair notice of

what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam).   In the absence of any allegations against defendants Ohio Civil Rights

Commission and District 1 Police Department, the amended complaint should be dismissed as to

these defendants.

The remainder of the amended complaint is rambling, difficult to decipher, and virtually

incomprehensible.   Plaintiff's complaint provides no factual content or context from which the

Court may reasonably infer that the named defendants violated plaintiff's rights.   *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).   Accordingly, the amended complaint fails to state a claim

upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1.   The amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good

faith and therefore deny plaintiff leave to appeal *in forma pauperis*.   Plaintiff remains free to

apply to proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178

F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d

274, 277 (6th Cir. 1997).

Date: 12/6/2024

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN MILLER,
      Plaintiff,

      vs.

GEORGE HUDSON,
      Defendant.

Case No. 1:24-cv-608

Hopkins, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3